IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | CRIMINAL ACTION |
| vs. : | |
| : | NO. 06-CR-582-4 |
| PEDRO GUTIERREZ : | |
| : | |
| Defendant : | |

**MEMORANDUM OPINION**

GOLDEN, J.                                                                                              DECEMBER 6, 2007

      The Court denied defendant Pedro Gutierrez's second motion to dismiss for violation of the Speedy Trial Act at the close of his change of plea hearing on October 15, 2007. This Memorandum Opinion contains the Court's reasons for denying the motion.

### BACKGROUND

      A grand jury charged Gutierrez and nine co-defendants on October 18, 2006, in a 50 count indictment relating to a Chester County methamphetamine and cocaine distribution ring. He was arraigned on October 26, 2006. Gutierrez is charged with violating 21 U.S.C. § 846, conspiracy to distribute 50 grams or more of methamphetamine (actual) and five kilograms or more of cocaine (mixture) [Count 1]; 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2, distribution of 50 grams or more of methamphetamine (actual), aiding and abetting [Count 14]; and 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2, distribution of five kilograms or more of cocaine (mixture), aiding and abetting [Count 15]. Had Gutierrez not entered a change of plea on October 15, 2007, he would have been brought to trial on October 16, 2007, 355 days from his arraignment.

## PROCEDURAL HISTORY

The Speedy Trial Act requires that a defendant's trial begin within 70 days of his information, indictment, or arraignment, whichever occurs last. 18 U.S.C. § 3161(c)(1). The Act provides that certain "periods of delay shall be excluded in computing...the time within which the trial of any such offense must commence," 18 U.S.C. § 3161(h), including "[a]ny period of delay resulting from a continuance granted by any judge...on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). In weighing the ends of justice against the interest in a speedy trial, a district court must consider whether:

(1) the failure to grant a continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice;

(2) the case is so unusual or complex – due to the number of defendants, the nature of the prosecution, or the presence of novel questions of fact and law – that it is unreasonable to expect prosecution or defense counsel to prepare adequately for pretrial proceedings or for trial within the time limits set by the Speedy Trial Act;

(3) the facts in the indictment are unusual or complex; or

(4) the refusal to grant a continuance would be otherwise unreasonable.

Id. The Government moved for "complex case designation" on November 3, 2006. After arranging for and conducting a hearing at which all counsel and defendants were present, and at which only Gutierrez objected, the Court granted the Government's motion on January 3, 2007. The Court found that, due to the number of defendants, the nature of the prosecution, and the nature and quantity of the evidence, (1) it was unreasonable to expect adequate preparation for pretrial proceedings and for trial itself within the time limits established by the Speedy Trial Act; (2) the discovery the Government was to provide was expected to be voluminous, including

numerous reports of Government agents and officers, laboratory analyses of controlled substances, and discovery related to electronic surveillance and translations and transcriptions of conversations recorded in connection therewith; and (3) the complexity of the case would require pretrial determination of many legal issues. See Document No. 168.

The Court's original January 3, 2007 scheduling order set a trial date of May 11, 2007, and required the filing of all pretrial motions by March 12, 2007. At the request of defendants and in order to provide defendants with ample access to evidence and sufficient time to prepare for trial, the Court extended the deadlines contained in its original scheduling order on March 15, 2007 (Document No. 188), March 23, 2007 (Document No. 191), and April 27, 2007 (Document No. 290). During the spring of 2007, the Court also held multiple telephone conferences, hearings, oral arguments, and evidentiary proceedings, including hearings on December 21, 2006, April 23, 2007, and May 4, 2007, in order to allow defendants every opportunity to develop their defense and to steer the case towards its May 2007 trial date.

On May 10, 2007, the Court continued the trial and issued an order setting forth the reasons for doing so, including, *inter alia*, the number of motions pending, some of which would require the attendance of out-of-state witnesses, and the hearings anticipated on the Government's motion to admit electronic recordings and the defendants' motions to suppress the introduction of intercepted telephone communications. See Document No. 350. The Court again found that "pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(B)(ii), the ends of justice served by granting a continuance outweigh the interests of the public and the defendants in a speedy trial." Id. at ¶ 11 (*citing* Brooks v. United States, 697 F.2d 517, 522 (3d Cir. 1982) (upholding a *sua sponte* continuance in a complex narcotics trial involving voluminous discovery

and multiple defendants)).

In the time between May and October 2007, the Court conducted hearings on the outstanding motions and issued appropriate rulings, including suppression hearings on August 23, 2007 (Document No. 385) and August 29, 2007 (Document No. 389), and a hearing on the Government's motion to admit electronic recordings on September 18, 2007 (Document No. 403). The outstanding motions raised complicated issues that required extensive findings of fact and legal analysis, as set forth in multiple Court orders and memorandum opinions.[1] Additionally, two of Gutierrez's co-defendants sought to terminate their counsel during the same period, and both matters required additional hearings. See Document Nos. 387 and 390.

The Court also notes that its May 10, 2007 order continuing trial indicated that the parties had reported to the Court that plea negotiations were ongoing. See Document No. 350 at ¶ 10 (*citing* United States v. Fields, 39 F.3d 439, 446 (3d Cir. 1994) (holding that a district court may grant a Speedy Trial Act ends of justice continuance to allow plea negotiations to proceed)). The Court has since taken guilty pleas from all nine of the defendants remaining at the time of the continuance.[2]

The Court would be remiss not to acknowledge Gutierrez's role, through the zealous advocacy of his counsel, in impeding the progress of this case to trial. He filed the following

---

[1] See Document No. 373 (footnote order concerning motion *in Limine*); Document No. 396 (findings of fact and conclusions of law concerning motion to suppress truck search); Document No. 402 (memorandum opinion and order concerning motion to suppress search of residence); Document No. 403 (findings of fact and conclusions of law concerning motion to suppress automobile search); and Document No. 408 (footnote order concerning motion to admit electronic recordings).

[2] See Document No. 374 (change of plea of Rogelio Ortega); Document No. 436 (change of plea of Victor Ortega); Document No. 446 (change of plea of Humberto Preciado-Avila); Document No. 458 (change of plea of Pedro Gutierrez); Document No. 437 (change of plea of Jose Luis Ortega); Document No. 448 (change of plea of Jose Luis Vasquez); Document No. 447 (change of plea of Rolando Martes-Ortega); Document No. 410 (change of plea of Isidro Cortez-Melendez); and Document No. 449 (change of plea of Mario Samaniego).

motions:

1. motion for extension of time to file pretrial motions (Document No. 115) filed November 15, 2006;

2. motion for leave to appear *pro hac vice* (Document No. 130) filed November 28, 2006;

3. motion for extension of time to file pretrial motions (Document No. 184) filed March 12, 2007;

4. motion to compel Government to produce discovery (Document No. 197) filed April 3, 2007;

5. motion to suppress intercepted calls for failure to minimize (Document No. 205) filed April 6, 2007;

6. motion to suppress intercepted calls for failure to demonstrate necessity (Document No. 207) filed April 9, 2007;[3]

7. motion *in Limine* containing 15 individual requests for rulings on evidentiary issues (Document No. 209) filed April 9, 2007;

8. motion for extension of time to file motion to suppress (Document No. 211) filed April 9, 2007;

9. motion to sever (Document No. 213) filed April 9, 2007;

10. motion to dismiss for violation of Speedy Trial Act (Document No. 215) filed April 9, 2007;

11. request for disclosure of expert witness materials (Document No. 217) filed April 9, 2007;

12. motion to join co-defendant's motion for early release of Jencks Act materials (Document No. 220) filed April 9, 2007;

13. motion for *nunc pro tunc* extension of time to file motions (Document No. 232) filed April 12, 2007;

---

[3] Pursuant to Local Rule of Criminal Procedure 41.1(b), United States District Judge Stuart Dalzell decided the suppression motions relating to the intercepted telephone calls because Judge Dalzell was the judge who authorized the interceptions.

5

14. motion to seal supplemental memorandum regarding request for <u>Franks</u> hearing (Document No. 255) filed April 22, 2007;

15. oral motion to seal (<u>see</u> Document No. 315) made April 23, 2007;

16. motion to interview cooperating co-defendant (Document No. 275) filed April 25, 2007;

17. motion to continue/reset hearing on wiretap motions (Document No. 277) filed April 25, 2007;

18. motion for pretrial production of charts & summaries (Document No. 299) filed April 30, 2007;

19. motion to suppress auto search (Document No. 302) filed April 30, 2007;

20. motion to suppress (Fontana residence) (Document No. 305) filed April 30, 2007;

21. request for issuance of witness subpoenas relating to suppression hearing on intercepted telephone calls (Document No. 307) filed May 1, 2007;[4]

22. motion for issuance of witness subpoenas as to 5-6 interpreters in anticipation of <u>Starks</u> hearing (Document No. 337) filed May 7, 2007;

23. second motion to dismiss for violations of Speedy Trial Act (Document No. 420) filed September 25, 2007;

24. renewed motion *in Limine* containing four individual requests for rulings on evidentiary issues (Document No. 422) filed September 25, 2007; and

25. motion to submit motion to dismiss without oral argument (Document No. 429) filed October 2, 2007.

Among this list are four requests for an extension of time to file pretrial motions. Local Rule of Criminal Procedure 12.1 provides that defendants must file pretrial motions within ten days of arraignment. Gutierrez having been arraigned on October 26, 2006, his pretrial motions would have been due on Monday, November 6, 2006 had the Court not extended his time to file.

---

[4] United States District Judge Stuart Dalzell also decided this motion.

On November 15, 2006, Gutierrez filed a motion to extend time to file pretrial motions. See Document No. 115. Despite the request being late under Local Rule 12.1, the Court granted this motion in essence when it granted the Government's motion for complex case designation and set a pretrial motions deadline of March 12, 2007. See Document No. 168. On March 12, 2007, Gutierrez again asked for additional time to file pretrial motions. See Document No. 184. Again, the Court extended the time to file until March 26, 2006. See Document No. 188.

During March of 2006, the Court held several status conferences in an attempt to manage the Government's production of discovery. In response to complaints concerning the Government's method and timing of discovery production on a March 21, 2007 conference call (see Document No. 190), including complaints from Gutierrez's counsel, the Court extended the time to file pretrial motions until April 2, 2007. See Document No. 191.

On April 9, 2007, Gutierrez requested additional time to file a motion to suppress, see Document No. 211, and on April 12, 2007, Gutierrez requested additional time *nunc pro tunc*. See Document No. 232. Even though both requests were after the Court's April 2, 2007 pretrial motion deadline, the Court granted the request for additional time to file a motion to suppress, and having provided the additional time, denied the *nunc pro tunc* request as moot. See Document No. 290. This order extended the pretrial motions deadline for the final time, to April 30, 2007. It should be noted that, at the time of this order, the trial date for this matter was May 11, 2007.

The Court thus granted Gutierrez an additional 175 days (five months and 24 days) to file pretrial motions beyond the November 6, 2006 deadline that Local Rule 12.1 would have imposed. Moreover, Gutierrez continued to file motions after the April 30, 2007 deadline, until

7

October of 2007, the month he plead guilty. See Document No. 307, filed May 1, 2007; Document No. 337, filed May 7, 2007; Document No. 420, filed September 25, 2007; Document No. 422, filed September 25, 2007; and Document No. 429, filed October 2, 2007.

To be sure, it is Gutierrez's constitutionally sanctified right to aggressively defend the charges leveled against him. The caveat in this case is that the pursuit of such defense may result in permissible delays in bringing Gutierrez to trial. The Speedy Trial Act recognizes as much. See 18 U.S.C. § 3161(h)(1)(F) (excluding "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"). The Third Circuit has been unreceptive to the defendant who plays a role in the delay of his trial and then relies on that delay in seeking the dismissal of his indictment. See Fields, 39 F.3d at 443 ("The defendant's arguments are disturbing because he would have us order the dismissal of his indictment based on continuances that his own attorney sought."); United States v. Lattany, 982 F.2d 866, 883 (3d Cir. 1992) ("Defendants cannot be wholly free to abuse the system by requesting (h)(8) continuances and then arguing that their convictions should be vacated because the continuances they acquiesced in were granted."). Although Gutierrez has not sought a continuance, he has requested several extensions of time to file pretrial motions, and used the extra time the Court granted him to file additional motions. He has thus played a role in delaying the commencement of his trial, and that role must be acknowledged in any analysis of a later motion to dismiss for speedy trial violations.

## GUTIERREZ'S ARGUMENTS

In his brief and during oral argument, Gutierrez asserted several grounds in support of his motion. The Court will review each assertion in turn.

1.     The Speedy Trial Act in General

Gutierrez argues that he was not brought to trial within the 70 days that the Speedy Trial Act requires. 18 U.S.C. § 3161(c)(1). He also alleges that the five month continuance from May 2007 to October 2007 was unwarranted because the motions and requests before the Court when it granted the continuance were ultimately resolved after two to three days of hearings.

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy...trial." In Barker v. Wingo, 407 U.S. 514 (1972), the Supreme Court instructed lower courts to consider four factors in determining whether a defendant's Sixth Amendment speedy trial rights had been violated: (1) the interval between accusation and trial to trial; (2) the reason for the delay; (3) whether, when, and how the defendant asserted his speedy trial right; and (4) whether and to what extent the delay prejudiced the defendant. Id. at 530.

"Congress enacted the Speedy Trial Act to give effect to the Sixth Amendment right to a speedy trial by setting specified time limits after arraignment or indictment within which criminal trials must be commenced." United States v. Rivera Constr. Co., 863 F.2d 293, 295 (3d Cir. 1988) (internal citations omitted). The protections enshrined in the Speedy Trial Act "exceed those of the Sixth Amendment, which does not require that a trial commence within a specified time." United States v. Lattany, 982 F.2d 866, 870 n.5 (3d Cir. 1992) (internal citations omitted). There is thus some argument that, if the Court can satisfy itself that there has been no Speedy Trial Act violation, the enquiry may stop there. The Supreme Court has stated, however, that lower courts have generally found it appropriate to engage in a Barker analysis as the postaccusatory delay approaches one year. See Doggett v. United States, 505 U.S. 647, 651 n.1

(1992). The Court will therefore consider Gutierrez's arguments under both the Speedy Trial Act and the Barker factors.

  A.  *Barker Analysis*

  The length of the delay between accusation and trial acts as a triggering mechanism, because "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." Barker, 407 U.S. at 530. The length of the delay is also related to the fourth Barker factor concerning prejudice because "the presumption that pretrial delay has prejudiced the accused intensifies over time." Doggett, 505 U.S. at 652. In this case, it was nearly one year between defendant's arraignment and trial date, which is "presumptively prejudicial" such that the Court must proceed to the other Barker factors. Before continuing, the Court makes clear that, although a one year delay is sufficient to trigger a Barker enquiry, it is not, in and of itself, indicative of a speedy trial violation. See Doggett, 505 U.S. at 651 n.1 ("We note that, as the term is used in this threshold context, 'presumptive prejudice' does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the Barker enquiry.").

  The Court now turns to the reasons for the delay. As set out above, this case involved ten defendants and voluminous evidence. The parties also indicated to the Court at various points during the litigation that plea negotiations were ongoing with a good possibility of non-trial resolution and, pursuant to United States v. Fields, 39 F.3d 439, 446 (3d Cir. 1994), the Court allowed extra time for the plea negotiations to continue. Those negotiations have ultimately resulted in a non-trial resolution of the entire matter. Finally, as the Court laid out above,

10

Gutierrez filed 25 pretrial motions, many of which required hearings, findings of fact, and memorandum opinions and orders. Considering the foregoing, the Court judges that the second Barker factor weighs in favor of the Government.

The third factor regarding the defendant's assertion of his speedy trial rights may be disposed of quickly. Gutierrez objected to the Court's January 3, 2007 ends of justice continuance, filed a motion to dismiss on speedy trial violations in April 2007, and filed the motion now before the Court in September 2007. He did, however, request several extensions of time to file pretrial motions, thereby inserting some delay into the pretrial proceedings. Nonetheless, the Court finds that Gutierrez has timely and consistently asserted his speedy trial rights, and this factor weighs in his favor.

The final factor is prejudice, which "should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." Barker, 407 U.S. at 532. The Supreme Court "has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." Id. The last interest is the most serious in this analysis because of the risk that defense witnesses may have died, disappeared, or forgotten relevant facts in the period between accusation and trial. Id. The Supreme Court has instructed that "affirmative proof of particularized prejudice is not essential to every speedy trial claim," but it also warns that the presumptive prejudice flowing from a postaccusatory delay "cannot alone carry a Sixth Amendment claim without regard to the other Barker criteria." Doggett, 505 U.S. at 655.

The Third Circuit considered an analogous fact pattern in Hakeem v. Beyer, 990 F.2d 750

11

(3d Cir. 1993). In that case, defendant asserted that a fourteen and one-half month delay violated his Sixth Amendment speedy trial rights, but "suffered no demonstrable prejudice from the delay." Id. at 771. On such a record, the Third Circuit disagreed with the district court's conclusion "that the fourteen and one-half month period between arrest and trial prejudiced [the defendant] absent other specific evidence of the delay's effect on Hakeem's ability to mount his defense." Id. at 764.

In this case, Gutierrez has not identified any specific prejudice flowing from the one year period between accusation and trial. He has identified no witnesses he intended to call that are now unavailable. Indeed, he has identified no defense witnesses whatsoever. Gutierrez has not argued that the conditions of his pretrial confinement were oppressive, nor that they caused him undue anxiety or concern. If anything, the delay facilitated Gutierrez's ability to defend himself insofar as it allowed his counsel to pursue several potentially meritorious avenues of defense via his many pretrial motions. On the facts before it, this Court is thus unable to conclude that Gutierrez has been prejudiced, and finds that the fourth – and most important – Barker factor weighs in favor of the Government.

In sum, the intervening year between Gutierrez's accusation and trial triggered a Barker enquiry. He asserted his trial rights, but he also requested several extensions, and was unable to identify any prejudice resulting from the one year interval. Moreover, his trial was postponed for valid reasons relating to the complexity of this case and the scope of pretrial motion practice. After this review of the Barker factors, the Court finds no violation of Gutierrez's Sixth Amendment right to a speedy trial.

*B.     Speedy Trial Act Analysis*

As mentioned, *supra*, the Speedy Trial Act requires that a defendant be brought to trial 70 days from the date of information, indictment, or arraignment, whichever occurs last. See 18 U.S.C. § 3161(c)(1).  The Act provides that certain time shall be excluded from the 70 day calculation, including delay resulting from the filing and deciding of pretrial motions, 18 U.S.C. § 3161(h)(1)(F), and delay excluded after a court finding that the ends of justice served by taking such action outweigh the interests of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(8)(A).

For the reasons set forth in the Court's orders of January 3, 2007, and May 10, 2007, the Court believes that Gutierrez suffered no Speedy Trial Act violation.  The number of defendants, the nature of the prosecution, the nature and quantity of the evidence, the Court's several extension of time to file pretrial motions, the prospect of guilty pleas, and the number of hearings and memoranda required to bring this case to non-trial resolution lead to the inexorable conclusion that the ends of justice served in subjecting Gutierrez to a one year postaccusatory delay outweigh the defendant and the public's interest in a speedy trial.

The Third Circuit has declined to find speedy trial violations on the basis of postaccusatory delays longer than the delay in Gutierrez's case.  See Lattany, 982 F.2d at 883 (551 day delay between accusation and trial), *citing with approval to* United States v. Gonzalez, 897 F.2d 1312, 1316 (5th Cir. 1990) (495 day delay); Hakeem v. Beyer, 990 F.2d 750, 764 (3d Cir. 1993) (fourteen and one-half month delay);[5] see also United States v. Groff, 2006 WL

---

[5] Hakeem did not involve the Speedy Trial Act because it was before the Third Circuit on a petition for habeas corpus, and instead related to the petitioner's Sixth Amendment right to a speedy trial. Id. at 754.  It is true that the Speedy Trial Act's protections have been interpreted as greater than those contained in the Sixth

952226, at *3-4 (3d Cir. 2006) (three year and five month delay) (not precedential). Each of these cases was also less complicated than the case now before the Court. Lattany and Hakeem were both one defendant bank robbery cases. See Lattany, 982 F.2d at 869; Hakeem, 990 F.2d at 756. Gonzalez was a credit fraud prosecution, see 897 F.2d at 1314, and Groff was a mail fraud matter. See 2006 WL 952226, at *1. The length of Gutierrez's delay is thus within the bounds of Third Circuit precedent.

The Court has also been cognizant of Third Circuit instruction concerning the manner in which to grant ends of justice continuances. A "district court is required to set out its reasons for granting an 'ends of justice' continuance on the record, either orally or in writing." United States v. Brooks, 697 F.2d 517, 520 (3d Cir. 1982). The reasons for an ends of justice continuance should be placed on the record because "Congress wanted to insure that a district judge would give careful consideration when balancing the need for delay against 'the interest of the defendant and of society in achieving speedy trial,'" and because doing so "provides a record so that an appellate court may review the decision." Id. (internal citations omitted). This the Court has done. The Court issued the January 3, 2007 ends of justice continuance in the form of a memorandum opinion and order, see Document No. 168, and the Court's May 10, 2007 order continuing this matter until October 2007 also contained extensive findings setting forth the reasons for the continuance. See Document No. 350.

---

Amendment, see Lattany, 982 F.2d at 870 n.5, but the Court nonetheless feels it is appropriate to consider the Third Circuit's approval of the fourteen and one-half month delay in Beyer because that case involved a single defendant and relatively straightforward bank robbery charges, Beyer, 990 F.2d at 754, whereas this case is a complex narcotics conspiracy implicating multiple defendants over many years. See Barker, 407 U.S. at 531 ("the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge."). Moreover, the Hakeem defendant waited almost three months longer to go to trial than Gutierrez would have waited had he not changed his plea. The Court therefore finds reliance on Hakeem, among other precedent, appropriate in this instance.

The Third Circuit also discourages the use of open-ended continuances. See Lattany, 982 F.2d at 883 ("we strongly urge district courts hereafter not to wait and rely on counsel to inform them when defendants are ready to go to trial, but instead to set deadlines."); Groff, 2006 WL 952226, at *3 ("we continue to discourage the use of open-ended continuances"). The Court has heeded this warning as well. It set a trial date in both of its continuances, see Document Nos. 168 and 350, while at the same time working with counsel to manage the case in a manner the ensured that all parties had adequate time to review the evidence against them and prepare their defenses.

The continuances in this matter also rested upon approved reasons. In Fields, 39 F.3d 439, the Third Circuit affirmed the use of ends of justice continuances to allow "counsel additional time to prepare motions in 'unusual' or 'complex' cases," and even in certain circumstances where the case is not unusual or complex. Id. at 444. As stated in the Court's findings, this case is both unusual and complex, and the Court allowed extra time so that counsel could prepare appropriate pretrial motions. Although Gutierrez objected to both continuances, he also took advantage of the time they provided, filing over two dozen pretrial motions. Likewise, the Court attempted to alleviate the burdensome discovery in this case by providing defendants ample time to review the Government's evidence against them, as the Speedy Trial Act specifically authorizes the Court to do. See 18 U.S.C. § 3161(h)(8)(B)(ii) (allowing the Court to grant a continuance where "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.").

The Court having set forth its reasons for continuing this matter, those reasons being consistent with the relevant cases and statutory provisions, and the length of the delay not

exceeding delays approved in other less complicated cases, this Court properly denied Gutierrez's second motion to dismiss for Speedy Trial Act violations.

### 2. The Government's Mismanagement of Discovery

Gutierrez claims that the trial was unnecessarily delayed by the Government's failure to produce discovery in a timely manner.

It is undisputed, however, that, upon the Court's order, all discovery materials have been available for inspection in a hard copy repository totaling approximately 47,000 pages maintained at the United States Attorney's Office for the Eastern District of Pennsylvania since at least March 27, 2007. Before the Court ordered this repository, the Government had produced materials in electronic and hard copy format on January 11, 2007, January 16, 2007, and February 7, 2007. In an effort to facilitate review of the materials, the Government also produced some of the same materials in a searchable electronic format on March 27, 2007. During multiple telephone conferences, defense counsel reported difficulty opening the files containing the discovery, and the Court attempted to cure the difficulty by ordering the hard copy repository. Gutierrez thus had all discovery in electronic format as of February 7, 2007, and had access to all discovery in hard copy form as of March 27, 2007. At the very least, counsel had approximately six weeks between the end of March and the original May 11, 2007 trial date to review the hard copy discovery and formulate a defense strategy.

Even if Gutierrez's claims of Government mismanagement are accurate, the contention that the Governemnt's actions delayed the trial is incorrect as a factual matter, as the Court – not the Government – issued the May 10 continuance for the reasons discussed above. Although Gutierrez disputes the necessity of this continuance, nothing prevented him from using the time

between May and October 2007 to review the discovery the Government provided.  The complexity of discovery in this case is acknowledged in the Court's complex case designation and ends of justice continuances.  Putting aside the complex nature of the case, the remedy for late discovery is a continuance or, at worst, the prohibition of introduction of the non-disclosed evidence at trial, see Fed. R. Crim. P. 16(d), not dismissal of the case.  Indeed, the Third Circuit has intimated that to even consider dismissal for a discovery violation, the Government's conduct must be wilful and demonstrably prejudicial to the defendant.  See Virgin Islands v. Fahie, 419 F.3d 249, 259 (3d Cir. 2005).  Gutierrez has not shown, nor even alleged, that the Government's conduct in this case rises to such a level.  It is therefore unrealistic for Gutierrez to contend that the Government's alleged mismanagement of discovery should warrant dismissal of the charges against him.

  **3. Severance**

  Gutierrez asserts that failure to sever him has resulted in a violation of his speedy trial rights.  He claims that the Court should have severed his case because he was peripheral to the main-targeted defendants, which is apparent from the small amount of evidence against him as compared to his co-defendants.  Gutierrez points out that the Government has identified only seventeen intercepted calls relating to him that they intend to introduce at trial, and that he was only charged in three counts of a fifty count indictment.

  The Supreme Court has explained, however, that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together" because joinder promotes efficiency and prevents inconsistent verdicts.  Zafiro v. United States, 506 U.S. 534, 537 (1993).  The law is "well-settled in the Third Circuit that defendants who are charged with conspiracy in a

single indictment are generally tried together." United States v. Harris, 2006 WL 2077017, at *8 (E.D. Pa. Jul. 21, 2006). See, e.g., United States v. Smith, 789 F.2d 196, 206 (3d Cir. 1986) ("As long as the government has charged conspiracy in good faith, an allegation of conspiracy is a sufficient reason for trying the conspiracy and all substantive offenses together."); see also United States v. DiPasquale, 740 F.2d 1282, 1293 (3d Cir. 1982) (declining to overturn defendant's conviction on the grounds that failure to sever him violated his Speedy Trial rights where evidence against co-defendants was much greater than against him).

Severing Gutierrez would have run counter to the concerns of judicial economy voiced in Zafiro, because in order to prove a conspiracy, the Government would have had to present much of the same evidence in both Gutierrez's trial and the prosecution of his co-defendants. Such concerns are redoubled by the complex and extensive nature of the alleged conspiracy, and the scope of the facts the Government would have sought to prove at both trials. Gutierrez has made no allegations that the Government charged the conspiracy in bad faith, and the Court is not aware of any evidence of bad faith in the record. The Court's election not to sever Gutierrez was thus within its discretion and consistent with well-settled federal practice.

Gutierrez cites to United States v. Byrd, 466 F. Supp. 2d 550 (S.D.N.Y. 2006), in support of his severance contentions. The Byrd case is significantly different from the case before the Court, however. In Byrd, the district court severed a defendant so as to avoid the delay that would occur while the Government determined whether to seek the death penalty against four co-defendants. Id. at 551. The Government had informed the court that it would need eight months to decide whether to seek the death penalty, and rather than subject defendant to that delay, the district court elected to sever him. Id. at 552. The Government is not seeking the death penalty

in this case, and has made no similar intimations regarding a potential eight-month delay. Byrd therefore does not compel this Court to sever Gutierrez.

    **4.      The Zedner Decision**

Gutierrez's brief places great emphasis on Zedner v. United States, 126 S. Ct. 1976 (2006), but that case is unhelpful to him because the facts of Zedner are fundamentally different than the case *sub judice*. Gutierrez is facing a delay of approximately one year between indictment and trial, whereas the Zedner defendant went to trial seven years after his indictment. Id. at 1983. Zedner also signed a "Waiver of Speedy Trial Rights" at the behest of the district court, which purportedly waived his right to a speedy trial "for all time." Id. at 1982. Finally, the district court in Zedner made no on-the-record finding pursuant to 18 U.S.C. § 3161(h)(8)(A) regarding whether the interests of justice outweighed the public's interest in a speedy trial. Id. at 1988. Nothing similar has occurred here.

The Supreme Court granted certiorari in Zedner "to resolve the disagreement among the Courts of Appeals on the standard for analyzing whether a defendant has made an effective waiver of rights under the [Speedy Trial] Act." Id. at 1983. The case also considered what standard of review an appellate court should apply where a trial court does not make an "ends of justice" finding pursuant to § 3161(h)(8)(A). See id. at 1988-90. The decision did not address the circumstances that led this Court to grant a continuance in this case, such as the amount of evidence, the number of motions filed, the latitude granted to defendants in filing motions out of time, and the ongoing plea negotiations. This case also lacks the "unusual procedures," id. at 1985, that characterized the Zedner proceedings. Gutierrez was not presented and did not sign a waiver of his speedy trial rights, and the Court's October 2007 trial date in this matter would

19

bring Gutierrez to trial six years sooner than the Zedner defendant. Moreover, despite Gutierrez's assertions that this Court did not make an "ends of justice" finding, it did so in its January 3, 2007 order granting complex case designation, see Document No. 168 at ¶ 1, and its May 10, 2007 order continuing trial. See Document No. 350 at ¶ 11. The Court also made reference to its ends of justice finding in its April 27, 2007 order denying Gutierrez's first speedy trial motion. See Document No. 288. at n.1. Zedner is therefore unpersuasive.

## CONCLUSION

The Court concludes that Gutierrez has not had his speedy trial rights violated under either the Sixth Amendment or the Speedy Trial Act. The Government's alleged mishandling of discovery also does not warrant dismissal. Likewise, the Court appropriately exercised its discretion not to sever Gutierrez from the other defendants with whom he was charged. His motion to dismiss is therefore denied.

This Memorandum Opinion thus provides the reasons for the Court's denial of Pedro Gutierrez's motion to dismiss for violations of his right to a speedy trial.

BY THE COURT:

/s/ Thomas M. Golden
THOMAS M. GOLDEN, J.