IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEDRO GUTIERREZ | : | CRIMINAL ACTION |
| | : | No. 06-582-4 |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | |

## MEMORANDUM

**Chief Judge Juan R. Sánchez**                                    **February 23, 2023**

Petitioner Pedro Gutierrez brings this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He argues the recent reclassification of a 1999 California conviction from felony to misdemeanor requires his federal resentencing. Because his felony conviction was final at the time of his federal sentencing, Gutierrez is not entitled to relief. His motion will be denied without an evidentiary hearing.

**BACKGROUND**

In October 2006, Gutierrez was charged by indictment with one count of conspiracy to distribute 50 grams or more of methamphetamine and five kilograms or more of cocaine in violation of 21 U.S.C. § 846, one count of distribution of 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1), and one count of distribution of five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1). Indictment 1, 24-25, ECF No. 74. The Government filed a notice of prior felony drug conviction under 21 U.S.C. § 851 based on a 1998 California conviction for marijuana possession intended for sale. Info. 1-2, ECF No. 336. This prior conviction increased Gutierrez's mandatory minimum sentence from ten to twenty years. *See* 21 U.S.C. § 841(b)(1)(A). After pleading guilty under Federal Rule of Criminal Procedure 11(c)(1)(C), Gutierrez was sentenced to the mandatory statutory minimum of 240 months of

incarceration. J. July 10, 2008 at 3, ECF No. 534. His sentence was affirmed on appeal. J. Nov. 5, 2009, ECF No. 586.

In November 2017, Gutierrez filed a petition entitled "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody." Mot. 1, ECF No. 629. Despite this caption, the motion actually requested a reduction in sentence under 18 U.S.C. § 3582(c)(2). *See id.* at 5. The motion was construed as such and denied, and no certificate of appealability issued. *See* Order May 29, 2019, ECF No. 632.

In late 2016, California voters approved Proposition 64, or the Control, Regulate, and Tax Adult Use of Marijuana Act. This Act reclassified all felony convictions of possession of marijuana for sale as a misdemeanor. CAL. HEALTH & SAFETY CODE § 11361.8. After Gutierrez filed a petition, the Los Angeles County Superior Court dismissed his felony conviction and amended the information to a misdemeanor. Minute Order April 15, 2019, ECF No. 635 at 24. Gutierrez then filed a motion in this Court under 28 U.S.C. § 2255, arguing the reclassification of his state court conviction required a new federal sentence. *See* Mem. Supp. Pet. 3, ECF No. 635. This Court dismissed the motion as an unauthorized second or successive habeas petition. Order July 10, 2019, ECF No. 636. The Third Circuit, however, vacated because Gutierrez's 2017 motion had been brought under 28 U.S.C. § 3582(c)(2), despite its title, and therefore this motion was his first § 2255 petition. Mandate, ECF No. 644. The petition is now ripe for review.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 2255(a), a prisoner in federal custody may "move the court which imposed the sentence to vacate, set aside or correct the sentence" and "claim the right to be released" upon the ground that the sentence was imposed in violation of the Constitution or federal law, the sentencing Court lacked jurisdiction, the sentence exceeded the maximum authorized by

law, or the sentence "is otherwise subject to collateral attack." The standards and process for adjudicating § 2255 motions are outlined in subsection (b), which reads:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that [the motion has merit], the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(b).

As the statutory language suggests, "a district court has discretion whether to order a hearing when a defendant brings a motion to vacate sentence pursuant to 28 U.S.C. § 2255," but there are limitations on the exercise of that discretion. *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005). "A district court is required to hold an evidentiary hearing unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *United States v. Scripps*, 961 F.3d 626, 631-632 (3d Cir. 2020). In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Gov't of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). Bald assertions and conclusory allegations do not provide sufficient grounds to require an evidentiary hearing. *United States v. Donahue*, 792 F. App'x 165, 168 (3d Cir. 2019).

## DISCUSSION

Gutierrez claims he should be resentenced due to the reclassification of his 1998 conviction from a felony to a misdemeanor. Because his prior state felony conviction was final at the time he was sentenced federally, Gutierrez was properly subject to the enhancement under 21 U.S.C.

§ 841(b)(1)(A). Therefore, the reclassification does not provide a basis for resentencing and his petition will be denied without an evidentiary hearing.

Under 21 U.S.C. § 841(b)(1)(A), a defendant is subject to a mandatory minimum of twenty years of incarceration if he "commits [a violation of § 841] after a prior conviction for a felony drug offense becomes final." This provision is interpreted through the lens of federal, not state law. *United States v. London*, 747 F. App'x 80, 84 (3d Cir. 2018). On its face, the statute is "backwards-looking." *Id.* (quoting *United States v. Diaz*, 838 F.3d 968, 973 (9th Cir. 2016)). It applies to all defendants with a prior felony drug conviction, as long as the prior conviction is "final." 21 U.S.C. § 841(b)(1)(A). A state which amends a conviction after it has become final "does not alter the historical fact of the prior state conviction becoming final." *Id.* (quoting *United States v. Dyke*, 718 F.3d 1282, 1293 (10th Cir. 2013)). At the time Gutierrez was sentenced in this Court, he had a prior felony drug conviction in the state of California, and the conviction was final. "That historical fact is the sole focus of § 841(b)(1)(A)." *Id.*

Gutierrez attempts to avoid this inevitable conclusion by focusing on the line of cases which recognize that when a state dismisses a judgment supporting an enhanced sentence, due process may entitle a petitioner to federal resentencing. Mem. Supp. Pet. 2, ECF No. 635 (citing *Johnson v. United States*, 544 U.S. 295 (2005)). He claims the felony conviction was dismissed before being classified as a misdemeanor. *See id.* at 5. This argument relies on an incorrect use of the word "dismissed." The Supreme Court cases Gutierrez cites involved defendants whose prior state convictions were *outright* dismissed or vacated. *See, e.g.*, *London*, 747 F. App'x at 84. The Third Circuit has held that these situations may justify resentencing only when the dismissal "alters the legality of the underlying prior conviction, like cases where there was trial error or the defendant was actually innocent." *Id.* at 84-85. Here, Gutierrez's felony was reclassified as part of

4

a policy overhaul under Proposition 64, rather than a situation where the state court held his particular prior conviction was in error. The reclassification was "a matter of grace," *Ramos v. United States*, 321 F. Supp. 3d 661, 667 (E.D. Va. 2018), not a determination that the sentence was "materially untrue" or based on "misinformation of a constitutional magnitude." *United States v. Tucker*, 404 U.S. 443, 447 (1972). Proposition 64 does not change the fact that Gutierrez "committed his federal offense 'after a prior conviction for a felony drug offense ha[d] become final.'" *London*, 747 F. App'x at 85 (alteration in original) (quoting 21 U.S.C. § 841(b)(1)(A)).

Gutierrez also claims the continued application of 21 U.S.C. § 841(b)(1)(A) creates an equal protection issue where two classes—"those convicted of their predicate crime before California passed Proposition [64] and those convicted [after]"—are treated differently. Mem. Supp. Pet. 6, ECF No. 635 (quoting *United States v. Sanders*, 909 F.3d 895, 905 (7th Cir. 2018) (referring to Proposition 47)). Classifications which are not suspect, such as this one, are only subject to rational basis review. *Armour v. City of Indianapolis, Ind.*, 566 U.S. 673, 681 (2012). The policy will be upheld so long as "there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." *Heller v. Doe*, 509 U.S. 312, 320 (1993). In this context, disparate is "plainly rational, as discrepancies among persons who committed similar crimes are inescapable" when law is changed. *Id.* (internal quotation marks and citation omitted). In fact, the "backward-looking" nature of § 841(b)(1)(A) is intended to actually minimize differences in sentences. *London*, 747 F. App'x at 84. Although this regime may seem severe, "[i]gnoring later state actions for purposes of federal sentences . . . aligns with the Supreme Court's repeated admonishments that federal laws should be construed to achieve national uniformity." *Id.* at 85 (quoting *Diaz*, 838 F.3d at 974)).

Because Gutierrez has not shown he is entitled to relief from his federal sentence based on the state reclassification of his prior felony conviction, his motion under 28 U.S.C. § 2255 will be denied. The record conclusively shows Gutierrez is not entitled to relief, so no evidentiary hearing is required. *See Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010). Further, Gutierrez has not made a substantial showing of the denial of a constitutional right, nor has he demonstrated that jurists of reason would find this opinion or the correctness of the Court's procedural findings to be debatable. Thus, there is no basis upon which to issue a Certificate of Appealability. *See generally*, 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate Order follows.

BY THE COURT:

  /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.